192 So.2d 391 (1966)
Reuben KAPLAN and Herman Shanks, Complainants-Appellants,
v.
DEPOSIT GUARANTY NATIONAL BANK and First National Bank of Jackson, Defendants-Appellees.
No. 44135.
Supreme Court of Mississippi.
December 5, 1966.
Suggestion of Error Overruled January 9, 1967.
Tighe & Tighe, Jackson, for appellants.
Henley, Jones & Henley, Satterfield, Shell, Williams & Buford, Walter J. Gex, III, Jackson, for appellees.
PATTERSON, Justice.
This is an appeal from a final decree of the Chancery Court of the First Judicial District of Hinds County affirming the judgment of the County Court which sustained the general demurrers of the defendants, the Deposit Guaranty National Bank and the First National Bank of Jackson, to the amended bill of complaint of *392 the appellants, Reuben Kaplan and Herman Shanks, doing business as Metal Supply Company. The appellants declined to plead further and have appealed to this Court.
The facts, admitted by the demurrers, are that during 1963 and 1964 the appellants furnished, on open account, metal supplies and materials to Earline Lee, doing business as Lee Welding Service, in the amount of $1,059.98. Lee remained indebted to the appellants upon the open account at the time of the filing of the amended bill of complaint, though demand had been made for payment.
On or about April 6, 1964, Wilow, Inc., as an accommodation to the appellants, issued its check in the amount of $1,190.89 payable to "Lee Welding Service & Metal Supply Co." as joint payees. This check, drawn on Wilow's account at the Deposit Guaranty National Bank, was received by Lee. Thereafter the check was indorsed by Lee as "Lee's Welding", and the proceeds therefrom were deposited in an account maintained by Lee in the First National Bank.
The amended bill alleges that Lee had no authority from the appellants to indorse the check in their behalf and that he was not in any manner a partner of the appellants. The amended bill further alleges that the defendant, First National Bank, received this check for deposit and credited the same to the account of Lee despite the fact that appellant, Metal Supply Company, though named as a joint payee, had not indorsed the check and had granted no authority to Lee to indorse or to receive credit in his own account of the proceeds of the check.
The complaint further charges that the First National Bank indorsed the check and in normal bank clearing house usages presented the same for payment to the appellee Deposit Guaranty National Bank where the initial drawer of the check, Wilow, Inc., maintained its checking account. Upon presentment of the check Deposit Guaranty received the same and made payment thereon from the account of Wilow, Inc. to the First National Bank as the previous indorser. None of the proceeds were received by Metal Supply Company.
The appellants charged that they were the owners of the check to the extent of the open account and as a direct result of the wrongful acts of the appellee banks in making payment of the check to Lee without the indorsement of Metal Supply Company the appellants suffered loss in the sum of $1,059.98, plus interest.
Metal Supply Company contends that the banks wrongfully intermeddled with the check drawn by Wilow, Inc. and payable to the joint order of "Lee Welding Service & Metal Supply Co.," and that such action by the appellee banks amounts to a conversion of the check, and as a result thereof the defendants, or either of them, are liable to Metal Supply Company.
The position of the appellees under their general demurrers is that the appellants as payees of the check have no cause of action against either Deposit Guaranty National Bank as the drawee bank or First National Bank as the cashing or collecting bank unless the check has been certified or accepted by the bank. They argue that the check itself does not operate as an assignment of funds in the hands of the drawee bank available for payment thereof without such certification or acceptance. Succinctly stated, appellees argue that there was no privity of contract between the drawee and collecting banks and Metal Supply Company and that since there was lack of privity, there can be no recovery.
The appellants assign as error the action of the chancery court in affirming the order of the county court which sustained the general demurrers to the amended bill of complaint. In support of said assignment of error appellants argue that: (1) a (joint) payee or owner of a check may maintain an action in tort for conversion of such check and for recovery of the proceeds thereof against a drawee bank and/or *393 a collecting bank, notwithstanding any disability of such (joint) payee or owner to maintain an action in contract against the drawee bank and/or a collecting bank; and (2) in any event, a (joint) payee or an owner of a check may maintain an action either in tort for conversion of such check and recovery of the proceeds or in contract upon such check against the collecting bank, notwithstanding the disability of such (joint) payee or owner to maintain an action in contract against a drawee bank.
The amended bill, it is noted, is framed in tort for the conversion by the two banks of the check in which appellants were joint payees and in which they assert ownership to the amount of the indebtedness due them by Lee. The conversion charged is not a conversion by the banks for their own use, but rather is for the wrongful handling of such check or the intermeddling therewith to the detriment of the appellants. The wrongful acts alleged on the part of the banks are that they cashed and cleared the check without the indorsement of Metal Supply Company. The bill of complaint alleges that this action on the part of the banks violates Mississippi Code Annotated section 82 (1956) which provides as follows:
Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others.
The violation of the above statute was a wrongful act by both the collecting and the drawee banks, and if loss or injury resulted therefrom, an action in tort for conversion would properly lie. Since there are no authorities in point from this state, we cite with approval the case of State v. First National Bank of Albuquerque, 38 N.M. 225, 30 P.2d 728 (1934) as the better reasoned authority submitted by counsel. The cause of action in the cited case was one in tort for conversion, and the defense, as here, was want of privity between the parties. There the court made the following significant statements:
It is too well settled to admit of controversy that bills of exchange, drafts, and checks may be the subject of conversion.
"Negotiable instruments are chattels, and as such are subjects of conversion as well as any other articles of personal property. And it has been uniformly held that promissory notes are a subject of conversion, as are also bills of exchange, drafts and checks * * *.
"The testimony shows conclusively that there was no contractual relation between plaintiff and defendant. Therefore this action is ex delicto and not ex contractu. The defendant bank has not contracted to pay plaintiff the amount of the check in controversy, but it has wrongfully intermeddled with it to the exclusion of, and disregard for, the rights of the owner, and that constitutes conversion. * * *" 30 P.2d at 730.
The cases which deny to the payee recovery against the drawee where payment has been made on a forged or unauthorized indorsement seem to be an outgrowth or extension of the doctrine which denies recovery to the payee against the drawee on refusal to pay, prior to acceptance. Upon this question there was from the beginning a sharp division of authority with the weight thereof supporting a denial of recovery. * * * It is significant, however, that the doctrine arose and developed in cases where the right to sue was invoked upon the failure or refusal of the drawee to honor, prior to acceptance, the check, draft, or other written order upon it to pay, as distinguished from a wrongful payment upon a forged or unauthorized indorsement. Id. at 730-731.
When the latter state of facts arose, and recovery upon the check was sought, it was, of course, but an extended application *394 of the same rule to deny, under the reasoning relied upon, a right of recovery in payee for want of privity. * * *
* * * * * *
The resultant is that if the payee seeks recovery ex contractu he not only is faced with the provisions of the Negotiable Instruments Law declaring that the check does not operate as an assignment, thus denying privity, but as well with the formidable array of decisions, representing the great weight of authority even before adoption of the Negotiable Instruments Law, denying recovery under the doctrine expressed in the Negotiable Instruments Law.
"When the payee or holder of a check sues the drawee bank upon the check, he generally finds great difficulty in getting away from the principle that there is no privity of contract between the parties. The rule that he cannot recover upon the check, since the extensive adoption of the Negotiable Instrument Act, has become practically universal. * * * In order that there may be a recovery, where the drawee has paid the check on an unauthorized indorsement, there must be something arising out of the facts or the form of action that will enable the payee to avoid the force of this general rule. When his action is against an intermediary bank,  a bank that has cashed the check on a forged indorsement and collected it,  he does not meet this difficulty for the reason that he must sue for the check or for the proceeds rather than upon the check. * * *"
* * * * * *
While we have not conducted a roll call of states on the subject, with the possible exception of Michigan * * * we doubt if there is a single jurisdiction denying payee's right of recovery against the drawee under similar facts where recovery was sought on the theory of conversion. Recovery, to be sure, has been many times denied, but in each instance, as in the Whitman Case, is explainable because the theory of recovery advanced was one ex contractu. * * * (Emphasis added.) Id. at 731.
The appellees contend that the case of Federal Land Bank v. Collins, 156 Miss. 893, 127 So. 570, 69 A.L.R. 1068 (1930) is dispositive of the above issue and limits recovery in this jurisdiction to an action in contract on the check. We are of the opinion that their argument in this regard is not well taken. An examination of Collins clearly indicates that it was an action in contract, without consideration of tort or conversion theories, and in fact was disposed of by the principles announced in First National Bank of Washington v. Whitman, 94 U.S. 343, 24 L.Ed. 229 (1876). Whitman parallels the Collins case in that it was an action in contract "upon the check" and not an action in tort for conversion. We are of the opinion that Collins does not bar an action in tort for conversion against either of the appellee banks. Since, as stated, we are of the opinion that an action for conversion would lie against either of the banks, we do not reach the contention of the appellants that in either event an action ex contractu would lie against the collecting bank.
The most serious question in our view is whether the amended bill of complaint states a cause of action in tort against the appellee banks. It alleges that Wilow, Inc. issued the subject check as an accommodation to the appellants. It is apparent, therefore, that the accommodated parties have no right of action against the drawer of the check as the inclusion of Metal Supply Company as a designated payee was nothing more than a favor to this payee. This brings in focus the question: If the complainant has no cause of action against the drawer of the check, does he have an interest in the check in the absence of intervening assignment to him that could be lost by the alleged wrongful acts of the banks? The indebtedness of Lee Welding Service to the appellants on *395 the open account, in accord with the allegations of the amended bill of complaint, still exists. But we are unable to ascertain, since the indebtedness has not been reduced to judgment, where the right of action against Lee Welding Service vested the appellants with any proprietary interest in the check. The only benefit or right that appellants may have lost by the wrongful act of the bank in cashing the check without indorsement is a probable confrontation and advantageous bargaining position which would result from the necessity of both payees indorsing the check. That is, the necessity of indorsement might bring the parties together so that the obligation of Lee Welding Service to Metal Supply Company might be discussed and perhaps an adjustment reached. This bargaining position of the appellants was lost by the actions of the banks in cashing and clearing this check without indorsement. However, since appellants' claim is sustainable only on the theory of conversion, it must depend also upon some allegation that the appellants owned some proprietary interest in the property alleged to have been converted, as without such an interest, there could be no damage to them. Appellants' only claim to damages under the facts alleged is that which might or might not have resulted from the loss of a bargaining conference that never transpired. Any damages resulting from such situation could only be the product of surmise or conjecture and as such would not be sustainable in law.
We are of the opinion that the amended bill of complaint does not state an interest in the property alleged to have been converted by the defendants, and in the absence of this interest, the actions of the lower courts in sustaining and affirming the demurrers should be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, INZER, and ROBERTSON, JJ., concur.