THOMAS, J.,
for the Court:
¶ 1. Velna Ainsworth appeals a Jones County Circuit Court’s judgment granting summary judgment in favor of the appel-lees: Mildred Stroud, Ruthie Ferguson, Norma Fountain, Beverly Cooley, Erma Newell, Cindy Gordon, and Raymond Livingston. Aggrieved, Ainsworth perfected this appeal, raising the following issue as error:
*600 I. WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT?
Finding no error, we affirm.
FACTS
¶ 2. In 1996 the Jones County Board of Supervisors entered into a contract with Enviro, Inc. which provided for mandatory garbage collection services for the rural residents of Jones County who had never had garbage services in the past. Ains-worth and other citizens, including the defendants, objected to this action and began organizing a group which later became known as the Jones County Residents for Honesty in Government (JCRHG). At one of the public meetings, elections occurred and Ainsworth was elected as the spokesperson for the organization. Several of the defendants were elected to other offices within the organization. A checking account was opened, and money raised by the group was deposited into that account.
¶ 3. On March 1, 1997, a countywide meeting was held, and Ainsworth was voted out of office. Ainsworth claims that someone had contacted many of the members of JCRHG and told them the meeting was canceled, allowing members of a more recently organized group, Citizens Protecting Rights (CPR), to show up at the meeting and remove Ainsworth. Ainsworth stated that she did not want to argue, that things were pretty volatile at the meeting, so that she just went along with what occurred. She then handed over a check for $2,064.99, the funds raised by JCRHG, to a person she felt was trustworthy and a member of JCRHG.
¶ 4. The funds were raised in order for JCRHG to advertise their cause and hire an attorney to pursue legal action against the Board of Supervisors and /or Enviro, Inc. due to the garbage dilemma. The defendants, members of the newly formed organization, CPR, hired attorneys Holmes and White to represent them. A receipt dated March 11, 1997 from the defendants to the law firm of Holmes and White for legal services in the amount of $2,064.99 was attached as an exhibit to the motion for summary judgment.
¶ 5. On April 18/1997, JCRHG filed an application for incorporation with Ains-worth listed as one of the incorporators. According to the deposition of Ainsworth, the application was marked received March 11,1997.
¶ 6. Velna Ainsworth filed her complaint on April 14, 1997 in the Circuit Court of Jones County, against the defendants: Mildred Stroud, Ruthie Ferguson, Norma Fountain, Beverly Cooley, Erma Newell, Cindy Gordon, and Raymond Livingston. Mrs. Ainsworth’s complaint alleges that the defendants collectively embezzled the sum of $2,500 actual damages from the plaintiffs and a non-profit organization in which all the parties were involved, plus a request for punitive damages in the amount of $30,000. The defendants filed an answer, denying the allegations, and a counterclaim for attorney’s fees and costs. Ainsworth responded to the counterclaim by a general denial. The defendants filed a motion for summary judgment, which was heard on October 27, 1998. The court entered an order granting summary judgment for defendants and dismissing plaintiffs complaint, with costs.
ANALYSIS
I.
WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT?
¶ 7. Mississippi Rule of Civil Procedure 56(b) permits a defending party to seek a summary judgment in his favor as to any or all parts of the complaint filed against him. Summary judgment is appropriate only where there are no genuine issues of material fact; it is not a substitute for a trial of disputed fact issues. M.R.C.P. 56 cmt. A trial court is not permitted to try issues of fact on a Rule 56 motion. Rather, it may only decide wheth *601 er there are issues to be tried. Furthermore, this Court conducts a de novo review of summary judgments awarded by trial courts. Canizaro v. Mobile Comms. Corp. of Am., 655 So.2d 25, 28 (Miss.1995). Consequently, summary judgment should be granted only where the pleadings, discovery materials, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. M.R.C.P. 56. Regarding summary judgments, the Mississippi Supreme Court has stated:
In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial. In such a situation, there can be “no genuine issue as to any material fact,” since a complete failure of proof concerning an essential element of the nonmoving party’s case necessarily renders all other facts immaterial. The moving party is “entitled to judgment as a matter of law” because the nonmoving party has faded to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss.1987). Moreover, once a motion for summary judgment is filed the opposing party “must rebut by producing significant probative evidence showing that there are indeed genuine issues for trial.... This burden of rebuttal arises, however, only after the moving party has satisfied its burden of proving that no genuine issue of material fact exists.... ” Foster v. Noel, 715 So.2d 174 (¶ 35) (Miss.1998) (citations omitted).
¶ 8. Ainsworth argues that summary judgment was inappropriate because there was and is a genuine issue of material fact that ought to be tried to a jury so as to determine whether or not the defendant has to pay money. Ainsworth contends that the defendants’ actions constitute embezzlement. The thrust of Ainsworth’s argument is that the defendants took the cash assets of the parent organization (JCRHG) and put them to use for the newly organized group (CPR). Ainsworth states that she did not raise the money to advance the purpose of the new organization and did not authorize anyone else to do so.
¶ 9. Next, Ainsworth does not believe that it is incumbent on them to produce proof that would conform to the classic requirements or statutory requirements of embezzlement. Ainsworth looks to the case of Medley v. State, 600 So.2d 957 (Miss.1992), in which the Mississippi Supreme Court held that funds need not come into possession of the embezzler through misconduct if they were entrusted to him because of his position, so long as, he intentionally diverts them to an illegal purpose different from that which was first intended.
¶ 10. The appellees contend that summary judgment was properly granted because under the undisputed facts, the complaint failed to state a cause of action. In May v. State, 240 Miss. 361, 127 So.2d 423 (1961), the supreme court defined the elements of embezzlement as “(1) an agent or trustee ... (2) embezzling or converting to its own use, (3) ... money, or other valuable.. property of any kind, (4) ... entrusted to his care or possession by virtue of his position of employment.” Appellees contend, as set forth in the May case, embezzlement is the fraudulent appropriation to one’s own use of property lawfully in his possession. The appellees did not use this money for their “own” use, but for the use of the group as it was intended. The money raised was not owned by others but by the group and for the group to pursue legal actions and advertising against the garbage contract. The appellees used this money for the purpose it was raised, used the attorney agreed upon, and advertised *602 with the money from donations from the citizens of Jones County. The appellees state that there was no fraud involved in their actions as the group was always informed of the way the money was being used and for what purpose.
¶ 11. In the instant case, because Ainsworth collected the funds and then turned the funds over to the appellees as officers of the newly formed group, what this case consists of, in actuality, is an attempt by Ainsworth to bring an action in conversion against the appellees. In maintaining an action for conversion under both the common law and the Uniform Commercial Code (UCC), a proper payee, in choosing to sue in conversion, must meet the initial burden of proof by showing: (1) title to, possession of or right to possession of a check, (2) the payee’s forged, unauthorized or missing endorsement on the check, and (3) the depositary or collecting bank’s unauthorized payment of the check. West’s A.M.C. § 75-3-419. Ainsworth testified that she voluntarily gave the check to Clyde Howard to be used by the Jones County group, upon being voted out of office. The appellees accepted the check and used the funds for the purpose for which they were originally raised. Having asserted no interest in the funds superior to that of the appellees, Ains-worth had no legally cognizable claim to the money that could have been asserted against the appellees nor may such a claim now be asserted. Based on the evidence, Ainsworth has no standing to pursue a claim that the appellees wrongfully obtained actual possession of funds that, in equity, belonged to the Jones County citizens in all events. See Kaplan v. Deposit Guar. Nat’l Bank, 192 So.2d 391, 395 (Miss.1966); see also Thigpen v. Allstate Indem. Co., 757 F.Supp. 757, 758-759 (S.D.Miss.1991). No evidence disputes the fact that the check in the amount of $2,064.99 was handled by the appellees in good faith, without fraud or conversion, and in a manner as it was initially intended. The appellees used the funds for the Jones County group as intended for advertisement and to obtain legal counsel, as verified by the law firm receipt, to fight the garbage contract.
¶ 12. Having reviewed all that was provided in support of and against the motion for summary judgment, we hold that the trial court did not err in granting summary judgment in favor of the appellees.
¶ 13. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR.